IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LESLIE JEAN GARRISON,   ) | |
|     ID # 54154-177,   ) | |
|         Movant,   ) | |
| ) | No. 3:21-CV-1091-D-BH |
| vs.   ) | No. 3:16-CR-153-D(2) |
| ) | |
| UNITED STATES OF AMERICA,   ) | |
|         Respondent.   ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the court is the movant's *Motion for 28 U.S.C. § 2255 to Vacate, Set aside, or Correct her Sentencing*, received on May 13, 2021 (doc. 2). Based on the relevant filings and applicable law, the motion should be **DENIED** with prejudice as barred by the statute of limitations.

**I.   BACKGROUND**

Leslie Jean Garrison (Movant) was charged by superseding indictment on December 20, 2016, with conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 (Count One), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two). (*See* docs. 12, 36.)[2] Pursuant to a plea agreement, she pleaded guilty to Count One of the superseding indictment on April 21, 2017. (*See* docs. 90, 91, 105.) By judgment dated August 18, 2017, she was sentenced to 151 months' imprisonment, to be followed by a three-year term of supervised release. (*See* doc. 151.) On March 9, 2018, the United States Court of Appeals for the Fifth Circuit dismissed her

---

[1] By *Special Order No. 3-251*, this habeas case was automatically referred for determination of non-dispositive motions and issuance of findings, conclusions and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:16-CR-153-D(2).

appeal based on a waiver of appeal. (*See* doc. 230); *United States v. Garrison*, No. 17-10955 (5th Cir. Mar. 9, 2018). She did not file a petition for a writ of certiorari with the Supreme Court.

Movant now challenges her conviction and sentence based on "the overwhelming structural errors, ineffective assistance of counsel, fraud by the government, miscarriage of justice, and plain violation of [Movant's] constitutional sixth and fifth amendment rights[.]" (No. 3:21-CV-1091-D-BH, doc. 2 at 2.) She also claims that her guilty plea was not knowing and voluntary and appears to challenge her conviction and sentence under the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019). (*See id.*, doc. 2 at 11-12, 14-16.)

## II.   STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under § 2255(f)(1), Movant's conviction became final on June 7, 2018, when the ninety-day period for filing a certiorari petition with the Supreme Court expired. *See Clay v.*

*United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). She does not allege that government action prevented her from filing a § 2255 petition earlier. *See* 28 U.S.C. § 2255(f)(2). To the extent she relies on the *Davis* decision in support of her § 2255 claims, it was decided on June 24, 2019, so any habeas action relying on it must have been brought by June 24, 2020. *See* 28 U.S.C. § 2255(f)(3). Movant's § 2255 motion was filed over 10 months later. (*See* doc. 2.)

Additionally, the alleged ineffective assistance of counsel, fraud by the government, and events argued by Movant in support of her § 2255 claims occurred at or prior to sentencing. Her claims, therefore, became known or could have become known through the exercise of due diligence prior to the date her conviction became final. Because the date her conviction became final is the latest date under § 2255(f), the one-year statute of limitations began to run from that date, June 7, 2018. Movant did not file her § 2255 motion until nearly three years later, so it is untimely in the absence of equitable tolling.

**A.     Equitable Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis* 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.

1996)), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if she shows that: (1) "[s]he has been pursuing [her] rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, Movant bears the burden to show entitlement to equitable tolling. *See, e.g., Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Movant provides no basis for equitably tolling the limitations period. Because she has not met her burden to establish circumstances warranting equitable tolling, her § 2255 motion should be denied as untimely.

**B.    Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the one-year statute of limitations under the "miscarriage of justice" exception to a procedural bar. 569 U.S. at 386-91. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the movant guilty beyond a reasonable doubt in light of new evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual

innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)). There is a split among district courts about whether *McQuiggin* applies to a guilty plea case. *See Thomas v. Stephens*, 4:13-CV-875-A, 2014 WL 929031, at *3 n.3 (N.D. Tex. Mar. 7, 2014) (citing cases).

Here, Movant alleges that she is "'factualy [sic] innocent' of her sentencing time, the wieght [sic] of the drugs were scaled to the 'GHB' amount placed upon [Movant], even though the 'GHB' was found inside Tobin house and not on her." (No. 3:21-CV-1091-D-BH, doc. 2 at 23.) She does not allege that she is actually innocent of the charged offense of conspiracy to distribute and possess with intent to distribute a controlled substance, but instead challenges the types and quantities of drugs attributed to her for purposes of sentencing. (*See id.*, doc. 2 at 23.) Accordingly, even if *McQuiggin* applies to guilty plea cases, Movant does not allege that she is actually innocent of the charged offense to which she pleaded guilty, and her claims do not present evidence of actual innocence for her conviction. She has therefore failed to overcome the statute of limitations, and her motion is time-barred.

### III. RECOMMENDATION

The movant's *Motion for 28 U.S.C. § 2255 to Vacate, Set aside, or Correct her Sentencing*, received on May 13, 2021 (doc. 2), should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 14th day of May, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE