IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LESLIE JEAN GARRISON, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | Civil Action No. 3:21-CV-1091-D |
| | § | Criminal No. 3:16-CR-153-D(2) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
AND ORDER

Treating movant Leslie Jean Garrison's ("Garrison's") letter, dated July 20, 2021 and filed July 26, 2021, as a motion for relief from judgment under Fed. R. Civ. P. 60(b), the court denies the motion.

I

Garrison pleaded guilty to conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C), and was sentenced to 151 months' imprisonment and three years of supervised release. Her appeal was dismissed based on her plea agreement waiver of appeal. *United States v. Garrison*, No. 17-10955 (5th Cir. Mar. 9, 2018). She filed a motion to vacate sentence under 28 U.S.C. § 2255, the denial of which was recommended in the May 14, 2021 findings, conclusions, and recommendation ("FCR") of the United States Magistrate Judge. On June 23, 2021 the court adopted the May 14 FCR, denied a certificate of appealability, and entered judgment denying the § 2255 motion as barred by the statute of limitations. On July 19, 2021 the court received

Garrison's objections, dated June 7, 2021, to the May 14 FCR. In a memorandum opinion and order filed today, the court has construed the objections as a motion to alter or amend the judgment under Rule 59(e) and denied it.

Garrison's instant motion, dated July 20, 2021 and filed July 26, 2021, asks the court to reopen the case because judgment was entered before the court received her objections to the May 14 FCR. Mot. at 1. She states that it took 41 days for the delivery of her objections, and she requests that the court notice this "[t]his tolling issue." *Id.*

II

Because Garrison's motion was dated and received more than 28 days after entry of judgment, it is properly construed as arising under Rule 60(b). *See Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021). Further, to the extent Garrison challenges the integrity of the habeas proceeding, her motion is not the equivalent of a successive § 2255 application, so the court can review her claims under Rule 60(b). *See, e.g.*, *Gonzalez v. Crosby*, 545 U.S. 524, 532 & n.4 (2005) (concluding that a true Rule 60(b) motion is one that challenges (1) a procedural ruling or (2) a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack).

Rule 60(b) provides that a district court may grant relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3)

fraud, misrepresentation, or misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. Rule 60(b)(1)-(5). The court can also set aside a judgment for "any other reason that justifies relief." Rule 60(b)(6). Relief under this "catch-all" provision is available, however, "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). The burden of establishing at least one of the Rule 60(b) requirements is on the movant, and a determination of whether that burden has been met rests within the discretion of the court. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc). Because Garrison's motion does not invoke any of the bases for relief under the first five provisions of Rule 60(b), it is considered under the catch-all provision of Rule 60(b)(6).

Garrison contends that her case should be reopened because the court entered judgment before her objections to the May 14 FCR were received, and her right to respond to the May 14 FCR should be upheld. The court performed the required *de novo* review of Garrison's § 2255 motion in this case, despite not receiving objections from Garrison prior to the entry of judgment. The court has treated Garrison's objections, filed 26 days after judgment was entered, as a Rule 59(e) motion, noting that they were without merit even if they had been timely filed and received, and overruling them in denying the motion. Because the court conducted a *de novo* review of the May 14 FCR before entering judgment and subsequently considered Garrison's objections in denying Rule 59(e) relief, Garrison has

failed to show the existence of extraordinary circumstances justifying relief under Rule 60(b)(6), and her ground for relief fails. Additionally, her general allegations that her § 2255 claims are based on some of the reasons that others have filed § 2255 motions and that she does "not want to be overlooked and violated now that I have learned what rights I really hold," Mot. at 1, do not show the existence of "extraordinary circumstances" warranting relief under Rule 60(b)(6). As discussed in the May 14 FCR and the memorandum opinion and order denying her Rule 59(e) motion, Garrison's § 2255 motion is barred by the statute of limitations, and she has not carried her burden to establish that equitable tolling of the limitations period is warranted.

Garrison's motion, treated as a Rule 60(b) motion, is denied.

### III

Because Garrison does not have an automatic right to the appointment of counsel in this proceeding and there is no reasonable basis to conclude that appointed counsel could demonstrate that she is entitled to the relief she seeks, her request for "appointment of couns[e]l for an evidentiary hearing to be requested," Mot. at 1, is also denied.

### IV

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 Proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. The court finds that Garrison has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states

a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

If Garrison files a notice of appeal,

( )     she may proceed *in forma pauperis* on appeal.

(**X**)     she must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED**.

September 20, 2021.

 

_____
SIDNEY A. FITZWATER
SENIOR JUDGE