IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LESLIE JEAN GARRISON,                    §
                                         §
          Movant,                        §
                                         §
VS.                                      §          Civil Action No. 3:21-CV-1091-D
                                         §          Criminal No. 3:16-CR-153-D(2)
UNITED STATES OF AMERICA,                §
                                         §
          Respondent.                    §

MEMORANDUM OPINION
AND ORDER

Construing movant Leslie Jean Garrison's ("Garrison's") objections to the May 14, 2021 findings, conclusions, and recommendation ("FCR") of the United States Magistrate Judge as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e), the court denies the motion.

I

On June 23, 2021, following *de novo* review, the court adopted the May 14 FCR and entered a final judgment denying with prejudice Garrison's motion under 28 U.S.C. § 2255 as barred by the statute of limitations.  Garrison's objections were dated June 7, 2021, postmarked June 9, 2021, and received on July 19, 2021.  Garrison objected to the May 14 FCR on the grounds that she is a layperson in legal matters, and that she "faced a brick wall" in obtaining paperwork, seeking assistance to understand the law library, and studying the rules of evidence and the courts.  Mot. at 1.  She also stated that, due to COVID-19, she was on lockdown for a year and half and was "total[ly] removed from any law lib[rar]y or books."

*Id.* Based on this, Garrison maintains that she is entitled to forgiveness for her failure to file her § 2255 motion within the one-year statute of limitations. *Id.* at 2.

Courts, including members of this court, have construed objections that are timely mailed prior to, but received after, the entry of judgment as seeking relief from the judgment. *See, e.g.*, *Potter v. United States*, 2018 WL 7078173, at *1 (N.D. Tex. Dec. 27, 2018) (Boyle, J.) (citing *Rogers v. McKee*, 2007 WL 2900545, at *2 (E.D. Tex. Oct. 1, 2007) (construing objections to recommendation received after dismissal of habeas petition as motion for relief from judgment, and citing *Bagley v. Bd. of Directors-Farmers Nat'l Bank*, 31 Fed. Appx. 152 (5th Cir. 2001) (per curiam))). "A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b). The rule under which the motion is considered is based on when the motion was filed." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (citing *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)). Because Garrison's objections were received within 28 days of the entry of judgment, they are properly evaluated as a Rule 59(e) motion to alter or amend the judgment. *See id.*

Garrison has failed to satisfy the standard for obtaining Rule 59(e) relief. Reconsideration of a judgment under Rule 59(e) is "an extraordinary remedy that should be used sparingly." *Edionwe v. Bailey*, 860 F.3d 287, 295 (5th Cir. 2017) (citation and quotation marks omitted). A Rule 59(e) motion serves the very narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. *Id.* at 294. It is not,

however, the proper vehicle either to rehash evidence or legal theories that were previously raised or to raise arguments that could have been offered earlier. *Id*. at 295. The Rule 59(e) standard favors the denial of motions to alter or amend a judgment. *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993); *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 276 (5th Cir. 2000) (noting it is within the court's discretion to reopen a case under Rule 59(e)).

Here, Garrison has neither shown a manifest error of fact or law nor presented newly discovered evidence. Instead, she argues that she is entitled to equitable tolling of the statute of limitations based on her unfamiliarity with legal matters and restrictions due to COVID-19 over the last year and a half. But "the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations." *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). Further, Garrison's alleged COVID-19 lockdown that resulted in her total removal from the law library and books does not warrant equitable tolling because Garrison's deadline to file a § 2255 motion expired on June 7, 2019, well before the year and a half that Garrison claimed to be on COVID-19 lockdown.[1]

---

[1]To the extent Garrison's § 2255 motion can be liberally construed to rely on the Supreme Court's June 24, 2019 decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), as the date on which the period of limitations began to run under 28 U.S.C. § 2255(f)(3), and that COVID-19 lockdowns prevented her from timely raising her *Davis* allegations, her claim is without merit. *Davis* held that the residual clause definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. *See Davis*, 139 S. Ct. at 2336. Because Garrison was not convicted of an offense under § 924(c), *Davis* is inapplicable to her case and does not trigger § 2255(f)(3) for purposes of determining the limitations period.

Accordingly, even if Garrison's objections had been timely filed and received, they are without merit, and her § 2255 motion would still have been denied with prejudice as barred by the statute of limitations. *See United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019) ("Under the prison mailbox rule, a pro se prisoner's pleading is considered filed when the document is placed in the prison mailing system.").[2]  Garrison's objections, evaluated as a Rule 59(e) motion, are overruled, and her motion is denied.

II

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 Proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability.  The court finds that Garrison has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

---

[2]Despite the absence of objections at the time judgment was entered, the court applied a *de novo* standard of review to its consideration of the May 14 FCR and the § 2255 motion.

-4-

If Garrison files a notice of appeal,

( )    she may proceed *in forma pauperis* on appeal.

(**X**)    she must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED**.

September 20, 2021.

SIDNEY A. FITZWATER
SENIOR JUDGE